FILED
06 NOV 13 PM 3:24

BANKRUPTCY COURT
TOLEDO, OHIO

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| Rebecca Hatfield ) | Case No. 06-3212 |
| Debtor(s) ) | (Related Case: 05-36437) |
| Rebecca Hatfield ) | |
| Plaintiff(s) ) | |
| v. ) | |
| Providian ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause is before the Court after a Hearing on the Defendant's Motion to Dismiss Adversary Complaint. The Court has now had the opportunity to consider the arguments raised by the Parties at the Hearing, together with those arguments submitted by the Parties in writing to the Court. Based upon this review, the Court, for the reasons explained in this Decision, finds that the Defendant's Motion has merit, and therefore, the Plaintiff's complaint will be Dismissed.

## DISCUSSION

The Complaint filed by the Plaintiff, who is also the Debtor, seeks injunctive relief and damages, both compensatory and punitive. As the basis for this relief, the Plaintiff alleges, on the part of the Defendant, a violation of the automatic stay of 11 U.S.C. § 362. According to the

Rebecca Hatfield v. Providian
Case No. 06-3212

Plaintiff, such a violation exists because the Defendant, upon receiving notice of the Plaintiff's bankruptcy petition, failed to notify the party to whom the debt had been assigned. As a determination of a violation of the automatic stay, and an award of damages thereunder is a "core proceeding," this Court has the jurisdictional authority to enter a final order in this matter. *In re Pawlowicz*, 337 B.R. 640, 645 (Bankr. N.D.Ohio 2005).

Against the Plaintiff's action, the Defendant filed a Motion to Dismiss. In a bankruptcy proceeding, a Motion to Dismiss is governed by Bankruptcy Rule 7012(b), which makes applicable Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of the Federal Rules of Procedure, a Motion to Dismiss is directed at and concerns solely the complaint. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989). Thus, subject to those documents properly made a part of the pleading, matters outside the complaint are not the appropriate subject when determining the merits of a Motion to Dismiss. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

In this matter, the Plaintiff's Complaint makes the following allegations:

On June 24, 2005, the Plaintiff, Rebecca Allen Hatfield, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Defendant, Providian, was set forth in the Plaintiff's petition as the holder of an unsecured claim in the amount of $8,198.00. Providian received notice of the filing of the Plaintiff's bankruptcy petition.

The Plaintiff then alleges that "Providian, through National Credit Adjusters, has continued to pursue collection from the Plaintiff even though an order of Automatic Stay was sent by the United States Bankruptcy Court on June 28, 2005." At the hearing held in this matter, this statement was clarified by the Parties so as to make clear that National Credit Adjusters had been assigned from Providian the obligation owed by the Plaintiff.

(Doc. No. 1).

Page 2

With respect to these allegations, the burden of proving that no claim has been stated is on the moving party. *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir.2006). For this burden, a court is to presume that all factual allegations contained in the complaint are true and all reasonable inferences are to be made in favor of the nonmoving party. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir.2002). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005).

## BACKGROUND AND PROCEDURE

The automatic stay of § 362(a) generally stops all collection activities related to the recovery of a prepetition debt against the debtor. *Batt v. American Rent-All (In re Batt)*, 322 B.R. 776, 778 (Bankr. N.D.Ohio 2005). It is effective regardless of whether a party receives notice that it is in effect. The same, however, is not true when it comes to either an award of damages or the entry of injunctive relief; due process requires that a party receive notice of the stay. *See, e.g., In re Sculky*, 182 B.R. 706 (Bankr. E.D.Pa.1995) (a "willful violation of the stay occurs when a creditor has adequate notice of the bankruptcy and intentionally commits an act that violates the stay.").

As it concerns notice of the automatic stay, the merits of the Defendant's Motion to Dismiss hinge on the resolution of this issue: when a debt is assigned, is the automatic stay of 11 U.S.C. § 362(a) violated if the assignor, upon receiving notice of the bankruptcy filing, fails to convey notice of the filing to the assignee whom then takes acts in violation of the stay? Stated in slightly different terms, when a debt is assigned, does the law impose a duty upon the assignor to provide notice of a debtor's bankruptcy filing to the assignee?

The voluntary commencement of a bankruptcy case by a party under Title 11 of the United States Code gives rise to an "order for relief." 11 U.S.C. §§ 301 & 302. An "order for relief"

Page 3

establishes an entity's status as a debtor, bringing any interest they maintain in property under the jurisdiction of the bankruptcy court. *In re Ottawa River Steel Co.*, 331 B.R. 340, 342 (Bankr. N.D.Ohio 2005). Based upon this restructuring of the creditor-debtor relationship, specific notice requirements are imposed by bankruptcy law when the 'order for relief' is entered. *See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982) (the restructuring of debtor-creditor relations is at the core of the federal bankruptcy power).

Statutorily, § 342(a) governs the requisite notice when a voluntary bankruptcy case is commenced. It provides simply: "There shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title." The specific protocols as to notice of the 'order for relief' are instead left to the Bankruptcy Rules, including the question posed here: Who is required to provide notice? *See, e.g., In re Lane*, 37 B.R. 410, 414 (Bankr. Va. 1984) (Bankruptcy Rules supplement the Bankruptcy Code).

The relevant procedures for providing notice of the 'order for relief' are contained in Bankruptcy Rule 2002. Among the Rule's requirements: Subdivision (o) sets forth that notice be given within 20 days of the order for relief in any case in which the debtor is an individual whose debts are primarily consumer debts. As for which entities are entitled to receive notice, as well as where they are to receive notice, subdivision (g) directs that the list required to be filed by a debtor under Bankruptcy Rule 1007, mandating that the name and address of each creditor be disclosed in the petition, will ordinarily control.[1] Finally, as for the entity required to provide notice of the 'order

---

[1] The BAPCPA, effective October 17, 2005, amended § 342. To effectuate these changes, Bankruptcy Rule 2002 was also amended. These changes, however, have no relevance in this particular matter, the majority of modifications concerning the right of a creditor to designate where it wished notices to be sent. Regardless, these amendments are not applicable, this case having been filed prior to their effective date.

Page 4

Rebecca Hatfield v. Providian
Case No. 06-3212

for relief' to creditors, subdivision (f)(1) of Rule 2002 specifies "the clerk, or some other person as the court may direct . . . ."

No contingency or allowance is made in Bankruptcy Rule 2002, or any other Bankruptcy Rule for that matter, when a debt is assigned. Accordingly, when read together, the Bankruptcy Code and Rules place the burden on the debtor to provide a complete list of those entities entitled to receive notice of the 'order for relief.' The 'clerk' is then responsible for effectuating timely notice of the 'order for relief." The creditor is left entirely out the process, a protocol which neither the Bankruptcy Code nor Rules expressly alter when a debt is assigned. This omission must be viewed as logically consistent; the debtor is in the best position to know all the information that must be transmitted by the clerk.

The Plaintiff's position, however, seeks to draw from this logical sequence in the situation where a debt is assigned. In doing so, the Plaintiff maintains that where notice of a debtor's bankruptcy is received by the assignor, they, as opposed to the debtor, are in the best position to know of the pertinent information surrounding the assignment, having effectuated the transaction. As such, the Plaintiff asks this Court to find, despite the lack of any explicit requirement in either the Bankruptcy Code or Rules, that there exists an inherent/implicit duty on the part of the assignor to notify the assignee of the pending bankruptcy.

It is the function of this Court to interpret the law, not to make policy. *Rambo, et al. v. Chase Manhattan Mortg. Corp. (In re Rambo)*, 297 B.R. 418, 427-28 (Bankr. E.D.Pa.2003), Thus, regardless of whether the position taken by Plaintiff is sound from a public policy viewpoint, the merits of the Debtor's position must be guided by interpretative principles. The starting point for any such analysis is, of course, the relevant language of the statute or rule of procedure. *Jewelcor Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 398 (3rd Cir.1993) ("The starting point for construing a statute or rule of procedure is the language of the statute or rule itself.").

Page 5

Rebecca Hatfield v. Providian
Case No. 06-3212

But where the law is silent on a particular issue, as it is here, the value of the law's language becomes structural, with the scope of the inquiry focusing on whether the sought after interpretation of the statute or rule is incidental to its operation thus, by implication, justifying a result not actually specified in the law. *Accord United States v. Ray*, 375 F.3d 980, 992 (9th Cir.2004). In this regard, it was explained:

> The justification for extending the operative effects of statutes by implication and inference is that it is not practical or convenient, perhaps even possible, to specify all of the detailed operational effects that an enacted rule or principle should have in all of the various circumstances to which it may pertain. For this reason, the language of a statute generally tends to focus on the central idea in the new law or on establishing general principles or standards. Peripheral matters or matters of minor detail are frequently omitted from specific mention in legislative enactments, and if these could not be supplied by implication the drafting of legislation would be an interminable process and the true intent of the legislature likely to be defeated.

2B N. SINGER SUTHERLAND ON STATUTORY CONSTRUCTION, § 55:2 (6th ed.) (internal quotations and citations omitted). But as also explained in this same treatise:[2]

> it seems fair that in order for a consequence to be implied from a statute there must be greater justification for its inclusion than a consistency or compatibility with the act from which it is implied. A necessary implication within the meaning of the law is one that is so strong in its probability that the contrary thereof cannot reasonably be supposed.

*Id.*, at § 55:3 (internal quotations and citations omitted). In this way, the Sixth Circuit Court of Appeals has stated that, "[w]here doubt exists, a statute is not to be extended by implication, or

---

[2] While this treatise couches things in terms of statues, there is no reason that such principals would not be equally applicable when interpreting rules of procedure. *See Jewelcor Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 398 (3rd Cir.1993).

Page 6

enlarged by construction so as to embrace matters not specifically covered therein." *Owen of Georgia, Inc. v. Shelby County*, 648 F.2d 1084, 1091 (6th Cir. 1981) (applying Tennessee law).

When set within this interpretive framework, the Debtor's position becomes hard to reconcile with a number of points. First, insofar as it concerns the Bankruptcy Rules, the assignment of interests are explicitly addressed in other contexts. *See, e.g.*, FED.R.BANKR.P. 3001(e)(2) (filing a proof of claim). In such instances, interpretive principals hold that, where matters are part of a common framework – the Bankruptcy Rules clearly fitting this mold – the omission of any reference to an assignment in Bankruptcy Rule 2002 should be viewed as intentional.

For example, courts will often invoke in this type of situation the interpretive doctrine of *Expressio unius est exclusio alterius*, meaning literally, 'the expression of one thing is the exclusion of the other.' Similarly, in interpretive matters, courts often observe that, where similar provisions differ in key aspects, the legislative authority must be presumed to have acted intentionally. *See, e.g., Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 193, 125 S.Ct. 1497, 1515 (2005) (surveying other statutes, and concluding that Congress knew how to include a term in a statute when it chose to do so). Consequently, considering that protocols exist in the Bankruptcy Rules when a debt is assigned, but not in the specific instance involving notice of the commencement of a debtor's case, the position espoused by the Plaintiff lacks, at a minimum, an internal inconsistency.

Bending things even further away from the position put forth by the Plaintiff is that nonbankruptcy law provides the debtor with a degree of protection when a debt is assigned. Particularly, notice of an assignment must be provided to a debtor, together with an address as to where payments on the assigned obligation may be remitted; otherwise, the debtor may continue to pay the assignor. *See, e.g.*, O.R.C. § 1309.406(A) ("an account debtor on an account . . . may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has

been assigned and that payment is to be made to the assignee."). Hence, in many instances, the Plaintiff's position, that the assignor is in the best position to notify the assignee of a debtor's pending bankruptcy, carries very little weight; the debtor, having received notice of the assignment, would also be in a viable position to notify the assignee.

Finally, as already discussed, it must be remembered for whose benefit notice of a debtor's bankruptcy is provided: it is for the benefit of the creditor or other party whose rights are being affected, not the debtor. In this regard, the Bankruptcy Code and Rules provide curative measures for creditors who do not receive notice. To name just one, § 523(a)(3) excepts from discharge those debts in which a creditor was not afforded the opportunity to timely file a proof of claim or make a timely request for a determination of dischargeability.

Accordingly, when these layers of the above analysis are stacked, the Court is unable to reconcile that imposing a duty on a creditor-assignor to notify the assignee of a debtor's bankruptcy is simply incidental to the operation of the notice requirements of bankruptcy law. As such, the Court, regardless of whether the Plaintiff's position is sound policy, has no legal basis to impose a duty on an assignor to provide notice to an assignee of a debtor's bankruptcy. Notwithstanding, the Plaintiff urges this Court to follow a contrary result reached in these three cases: *In re Robinson*, 228 B.R. 75 (Bankr. E.D.N.Y. 1998); *Walker v. M & M Dodge, Inc. (In re Walker)*, 180 B.R. 834, 842 (W.D.La.1995); and *In re Lafferty*, 229 B.R. 707 (Bankr. N.D.Ohio 1998).

However, upon closer examination of these cases, it is clear that each diverge significantly from the situation in this matter, and thus are of little, if any, persuasive authority. In *In re Robinson*, no actual assignment existed, with the court finding that both of the defendants had an interest in the claim giving rise to the stay violation. 228 B.R. at 78 fn.3. In *In re Walker*, the circumstances were egregious, with the debt being assigned for the "express purpose of collecting money." 180 B.R. at 844. Thus, the court found that the assignor could not escape liability when it was "aware,"

Rebecca Hatfield v. Providian
Case No. 06-3212

"acquiesced to," "received monetary benefits from" and "was determined to recoup its losses irrespective of the post-discharge injunction or other legal restraints." *Id.* at 845. Finally, while the court in *In re Lafferty* did find that when an account is sold an affirmative duty exists on the part of the assignor to notify the assignee of a bankruptcy, the court's decision hinged on this set of unlike circumstances: the debt was assigned postpetition, with the assignor receiving notice of the bankruptcy discharge prior to the assignment. 229 B.R. at 714.

Therefore, for all these reasons, the Plaintiff's complaint for injunctive relief and damages against the Defendant states no claim, and thus must be Disissed. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendant, Providian, to Dismiss pursuant to Bankruptcy Rule 7012, be, and is hereby, GRANTED; and that the Complaint of the Plaintiff, Rebecca Hatfield, be, and is hereby, DISMISSED.

Dated: November 13, 2006

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 13th day of November, 2006 to:

Rebecca Allen Hatfield
407 Pennsylvania Ave
Sandusky, OH 44870

Donald R. Harris
158 E. Market St, #302b
Sandusky, OH 44870

Providian
Office Manager
PO Box 660433
Dallas, TX 75266-0433

Thomas W. Coffey
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44114-1515

          /s/Diana Hernandez
         Deputy Clerk, U.S. Bankruptcy Court